IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 07-0116-CV-W-ODS |
| CARLOTTA J. WILSON, et al., | ) ) | |
| Defendants. | ) | |

## ORDER AND OPINION SETTING FORTH FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF JUDGMENT IN FAVOR OF THE ESTATE OF EUGENE WILSON

On August 30, 2007, Defendants' rival claims to the proceeds of Decedent Eugene Wilson's life insurance policy were tried to the bench. After considering the evidence and the governing law, the Court orders that the insurance proceeds be turned over to the probate estate for distribution by the Missouri state court.

The Decedent, Eugene Wilson, a retiree from General Motors Corporation, was a participant in the General Motors Life and Disability Benefit Program for Hourly Employees (the "Plan"), an ERISA-regulated employee welfare benefit plan sponsored by the Decedent's former employer, General Motors, and funded by a group life insurance policy issued by MetLife to General Motors. The Plan states that the "Beneficiary" is the person or persons chosen by the participant to receive any benefit payable upon the participant's death. The Plan further states if there is no designated beneficiary at the participant's death, the benefits will be paid to the participant's estate.

The Decedent died on October 7, 2005. At the time of his death, the Decedent was enrolled under the Plan for Twenty-Four Thousand Seven Hundred Fifty Dollars ($24,750.00) in Basic Life Insurance benefits. On October 16, 2005, General Motors received a Beneficiary Designation Form, purportedly signed by the Decedent on August 26, 2005, designating Defendant Carrie A. Mallory as the sole beneficiary of the Decedent's Basic Life Insurance benefits. The Decedent did not complete any other

Beneficiary Designation Form.

Defendants Carlotta J. Wilson, Joseph E. Wilson, Debbie L. Wilson, a/k/a Debbie L. Wilson Frazier, Douglas G. Wilson, Carrie A. Mallory, and Edward A. Wilson each submitted claims to the Decedent's Basic Life Insurance benefits. Additionally, the Estate of the Decedent requested that the Basic Life Insurance benefits be paid to the Estate.

There are two issues in this case. First, did the Decedent execute the Beneficiary Designation Form dated August 6, 2005, which indicates he designated Carrie A. Mallory as the sole beneficiary on his life insurance policy? Second, if the Decedent did sign the document, did he have the mental capacity to do so at the time he signed it? If the answer to either question is "no," then the proceeds should be turned over to the probate estate for distribution by the Missouri state court. Because the Court finds that the Decedent did not have the mental capacity to designate a beneficiary, the Court need not reach the question of whether the Decedent in fact signed the Beneficiary Designation Form.

A policy-holder may make a valid beneficiary designation only if he possesses sufficient mental capacity to act in a reasonable manner. See Gibson v. Gibson-Cato, 941 S.W.2d 868, 870 (Mo. Ct. App. 1997). To possess sufficient capacity, the court must find that the policy-holder "was of sound mind, understood the ordinary affairs of his life, knew the nature and extent of his property, knew the persons who were the natural objects of his bounty, and appreciated his natural obligation to them" at the time the designation was made. Id. The Decedent suffered from Alzheimer's disease and congestive heart failure and was heavily medicated with morphine during August 2005. The progression of his illness made it difficult for the Decedent to recognize and identify his children and caretakers, and he was often unaware of his surroundings.

The Decedent's physical and mental deterioration made his capacity to make a valid beneficiary designation insufficient. Even if the Decedent did, in fact, sign the Beneficiary Designation Form naming Carrie A. Mallory as sole beneficiary, this designation was invalid. With no other valid Beneficiary Designation Form having been completed, the policy proceeds should be paid to the Estate for proper distribution.

## CONCLUSION

For the foregoing reasons, judgment is entered in favor of the Estate of Eugene Wilson. When the case is final the Clerk of Court is directed to disperse the Twenty-Four Thousand Seven Hundred Fifty Dollars ($24,750.00) in benefits and any additional accrued interest to the Jackson County Public Administrator at 415 East 12th Street, Suite 400, Kansas City, MO 64106.

IT IS SO ORDERED.

```
                                        /s/ Ortrie D. Smith
                                        ORTRIE D. SMITH, JUDGE
DATE: September 5, 2007                 UNITED STATES DISTRICT COURT
```